(No. 4348- )

CLARENCE C. DIVER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 9, 1951.*

McCONNELL, KENNEDY AND McCONNELL, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

This is a claim of Clarence C. Diver against the respondent, the State of Illinois, for personal injury sustained on April 17, 1950.

The complaint alleges that Mr. Diver and his foreman drove a Division of Highway's truck to the Rock Island Railroad Depot in Chillicothe, Peoria County, Illinois, to secure a load of drums of asphalt, which was to be moved to a Division storage yard. The truck was backed up to a box car. Mr. Diver stepped between the rear end of the truck and the box car to hand a crowbar to a fellow employee in the box car. While standing between the truck and the box car, the empty truck began to roll backwards. Mr. Diver attempted to hold the truck with his hands. The backward motion of the truck forced his elbows against the side of the box car, fracturing the bone of the lower right arm.

Mr. Diver's foreman took him to Dr. H. V. Thomas of Chillicothe, who examined Mr. Diver, and sent him to Dr. Hugh Cooper, a specialist in orthopedic surgery, in Peoria.

On April 19, 1950 Dr. Thomas sent the following report to the Division of Highways:

"Nature of injury—Fragment broken off lower condyle right humerus."

On April 25, 1950 Dr. Hugh Cooper reported as follows:

"Nature of injury—Fracture of head of the right radius. Treatment— Operated April 24, 1950. Arthrotomy and removal of the head of the radius."

On May 31, 1950 and on August 3, 1950, Dr. Hugh Cooper reported to the Department that claimant suffered probably a 20 per cent permanent loss of function of his right arm.

A medical report of Dr. Harold F. Diller, wherein the doctor stated claimant had suffered a 30 per cent permanent, partial loss of use of the right arm, was introduced into the record by stipulation.

Mr. Diver was 28 years of age, married, and had one child under 16 years of age. Claimant earned $2,329.03 in the year preceding his injury.

The record consists of the complaint, departmental report, stipulation waiving briefs of both parties, transcript of evidence and claimant's Exhibit No. 1, being the report of Dr. Diller, which was stipulated into record.

There is but one question, therefore, for this Court to determine—that is the nature and extent of his injury, and whether or not said injury has caused him any degree of permanent disability, as defined under the terms and provisions of the Workmen's Compensation Act of the State of Illinois, Section 8, Paragraph (e) 13.

Reviewing the opinion of Dr. Hugh Cooper and Dr. Harold F. Diller, and considering the age of claimant— 28 years, and the fact that he has some limitation in movement, and there is no control movement in his right elbow, we feel Mr. Diver sustained a permanent impairment estimated to be in the neighborhood of 25 per cent loss of use of his right arm.

Mr. Diver was totally disabled because of this injury from April 18 to May 1, 1950, inclusive. He was paid full salary for this lost time in the amount of $92.19. He returned to work on May 2, 1950. The Division paid the following creditors in connection with the injury of Mr. Diver: Dr. H. V. Thomas, Chillicothe, $3.00; Dr. Hugh Cooper, Peoria, $130.00; and St. Francis Hospital, Peoria, $95.40, making a total of $228.40.

No jurisdictional questions were raised.

Claimant is entitled to 25 per cent partial, permanent loss of use of his right arm being 56¼ weeks, at the maximum rate of $15.00 per week. The injury having occurred after July 1, 1949, this must be increased 50 per cent, making a compensation rate of $22.50 per week, or a total of $1,265.63. Since his period of disability was less than 28 days, he should be allowed one week temporary total disability or $22.50.

Mary I. Reynolds took and transcribed the testimony, for which she submitted her charge of $43.50, which we find is fair, reasonable and customary.

An award is made to claimant, Clarence C. Diver, in the sum of $1,265.63 from which must be deducted the excessive payment for non-productive time in the amount of $69.69, leaving a balance of $1,195.94, payable to him as follows:

$999.63 which has accrued, is payable forthwith;

$196.31 is payable in weekly installments of $22.50 per week, beginning March 16, 1951, for a period of 8 weeks, with an additional final payment of $16.31.

An award is also made to Mary I. Reynolds in the sum of $43.50, payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."